UNITED STATES FEDERAL DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| URSI TECHNOLOGIES INC., <br><br> *Plaintiff*, <br> v. <br><br> VITA TECH INC <br> 41424 Gentle Wind Place <br> Aldie, VA 20105, <br><br> And <br><br> Visa Jaganathan <br> 41424 Gentle Wind Place <br> Aldie, VA 20105, <br><br> *Defendants*. | Case No.: 25-1291 |

## COMPLAINT

Plaintiff, URSI TECHNOLOGIES INC. (hereinafter "Ursi" or "Plaintiff"), by and through undersigned Counsel, Robert S. Webb, Esq., and upon information and belief, brings the following action against Defendant Vita Tech, Inc. (hereinafter "Vita Tech") and Visa Jaganathan (hereinafter "Jaganathan") collectively "Defendants" and alleges the following:

### INTRODUCTION

1. This is an action for damages for Breach of Contract.

2. Ursi and Defendant entered into a Master Services Agreement (hereinafter "Agreement" or "MSA") on or about April 8, 2022.

3. The Agreement was for software technology and consulting services to a third-party.

1

4. Plaintiff provided professional software engineering services to Defendant for which Defendant has failed to pay for said services.

5. Vita Tech acts as a third-party recruitment and payment processing firm, acting as a third-party liaison between the end client and the contractor.

6. Plaintiff seeks amounts due under the contract, attorney's fees, and court costs, and pre-judgement interest as the amounts due were and are certain, definite, and liquidated.

## PARTIES

1. Plaintiff, URSI TECHNOLOGIES INC., (hereinafter "Ursi" or "Plaintiff") is a corporation registered in the state of Georgia.

2. Defendant, Vita Tech Inc, (hereinafter "Vita Tech", "Company", or "Defendant") is a corporation registered in the Commonwealth of Virginia.

3. Defendant Vita Tech's principal place of business and corporate headquarters is in Loudoun County.

4. Defendant Visa L. Jaganathan is an owner, director, and officer of Vita Tech.

5. Defendant Jaganathan resides in Loudoun County.

## JURISDICTION AND VENUE

6. The Federal Districts Courts of the Eastern District of Virginia have subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332, Diversity Jurisdiction, because the Defendant, Vita Tech, is a corporation registered in the Commonwealth of Virginia and the Plaintiff is a resident of Georgia and the matter in controversy exceeds $75,000.

7. This Court has Personal Jurisdiction over Vita Tech because Vita Tech is a Virginia registered corporation that transacts business within the Commonwealth of Virginia.

8. Pursuant to 28 U.S.C. §1391, et. seq., venue is proper in the Eastern District of Virginia, Alexandria Division, because Defendant Vita Tech resides within Loudoun County, which is within the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

9. On or about April 8, 2022, Plaintiff URSI and VITA TECH entered and executed a written agreement, the Master Services Agreement, MSA, for Professional Services. *See* Ex. 1.

10. The MSA was drafted and prepared by Defendant Vita Tech.

11. Pursuant to the MSA, on the same day the agreement was entered into, Defendant Vita Tech issued a Purchase Order, requesting services from URSI.

12. Pursuant to the Purchase Order, Plaintiff served as a software engineer to work on Defendant Vita Tech's project for Vita Tech's client.

13. The services rendered by Plaintiff were performed in a timely, competent, and professional manner.

14. Defendant Vita Tech has never complained of lack of performance by URSI's software engineer.

15. Pursuant to the MSA § 4, URSI and its software engineer submitted weekly timesheets to Vita Tech in a manner and form prescribed by the Defendant Vita Tech.

16. Defendant Vita Tech approved each such timesheet.

17. URSI sent all invoices to Vita Tech electronically as instructed by Vita Tech.

18. Defendant Vita Tech has never disputed the veracity of the contents of these timesheets.

19. The third-party end client, Happiest Minds/Dover, paid Vita Tech for all the hours or fees identified in Ursi's invoices.

20. Defendant Vita Tech stopped paying in or around late May/early June of 2022.

3

21. Plaintiff continued to provide the services as required under the MSA up until June 6, 2023.

22. Defendant has not paid any of the monthly invoices starting from the late May/early June, 2022, timeframe.

23. Plaintiff has requested payment for all the hours or fees identified in these invoices; however, Defendant Vita Tech refused and continues to refuse to pay.

24. To date, Plaintiff is owed at least $75,000.

25. Plaintiff is a creditor of Vita Tech.

26. According to the records of the Virginia State Corporation Commission, Defendant Visa L. Jaganathan is a director of the Company.

27. The Virginia State Corporation Commission states Vita Tech is currently on inactive status and has been inactive since March 31, 2024. *See* Ex. 2.

28. The Commonwealth automatically terminated Vita Tech's status on March 31, 2024.

29. Defendant Jaganathan represented himself as the President of Vita Tech in the MSA.

30. As President and director of the Company, Defendant Jaganathan exercised control over Vita Tech's funds, bank accounts, and pecuniary matters.

31. Based on Plaintiff's invoices, Happiest Minds sent payments to Vita Tech that were ultimately intended for Plaintiff.

32. Defendant Jaganathan, as director, had a duty to pay the Company's creditors.

33. Instead of paying the Company's debts, Defendant Jaganathan distributed monies intended for the Plaintiff to another person.

## COUNT I:
## BREACH OF CONTRACT
(As to Defendant Vita Tech)

34. The aforementioned paragraphs are incorporated herein by reference as if fully stated.

35. On or about April 8, 2022, Plaintiff and Defendant entered into an express written contract.

36. Plaintiff and its employee have fully performed all of the software engineering services that were requested by Defendant.

37. In so performing, Plaintiff provided consideration.

38. Defendant was required to pay Plaintiff in a timely manner for all such services provided by Plaintiff.

39. Defendant has failed to pay.

40. Defendant is in material breach of the MSA.

41. As a result, Plaintiff has been harmed financially in the amount of at least $ 75,000.

42. There is no dispute here of the amount due or of the due date.

43. According to *Potomac Power Co. v. Burchell*, 109 Va. 676, 64 S.E. 982 (1909), "The measure of damages for a failure to pay money is, with few exceptions, the principal sum with legal interest thereon from the time the payment was due."

44. Plaintiff is also entitled to pre-judgement interest.

45. Interest runs from the first unpaid invoice which was due, June 2, 2022.

46. Pursuant to VA Code Ann. § 6.2-301, "the legal rate of interest shall be an annual rate of six percent (6%)."

47. Pursuant to the MSA §16, the prevailing party is entitled to attorneys' fees.

   WHEREFORE, Plaintiff seeks judgment against the Defendant, Vita Tech, as to Count I, in the full amount of damages identified above including but not limited to pre-judgement interest, post-judgement interest, attorney fees, costs and all such further relief as this court deems just and proper.

## COUNT II
## VA Code § 55-80 Fraudulent Conveyance
(As to Defendants Visa Jaganathan and Vita Tech)

48. The aforementioned paragraphs are incorporated herein by reference as if fully stated.

49. Defendant, Jaganathan, is a director of Vita Tech.

50. Plaintiff is a creditor of Vita Tech.

51. Based on Plaintiff's invoices, Happiest Minds sent payments to Vita Tech that were intended for Plaintiff.

52. Defendant Jaganathan as director had a duty to pay the Company's creditors.

53. Instead of paying the Company's debts, Defendant Jaganathan distributed monies intended for the Plaintiff to another person.

54. VA Code § 55.1-400. Void fraudulent acts; bona fide purchasers not affected states:

> Every (i) gift, conveyance, assignment, or transfer of, or charge upon, any estate, real or personal, (ii) action commenced or order, judgment, or execution suffered or obtained, and (iii) bond or other writing given with intent to delay, hinder, or defraud creditors, purchasers, or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors, purchasers, or other persons or their representatives or assigns, be void. This section shall not affect the title of a purchaser for valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.

55. VA Code § 55.1-401. Voluntary gifts, conveyances, assignments, transfers, or charges; void as to prior creditors states:

> Every gift, conveyance, assignment, transfer, or charge that is not upon consideration deemed valuable in law, or that is upon consideration of marriage by an insolvent transferor or by a transferor who is thereby rendered insolvent, shall be void as to creditors whose debts were contracted at the time such gift, conveyance, assignment, transfer, or charge was made but shall not, on that account merely, be void as to creditors whose debts have

      been contracted, or as to purchasers who have purchased, after such gift, conveyance, assignment, transfer, or charge was made. Even though it is decreed to be void as to a prior creditor, because voluntary or upon consideration of marriage, it shall not, for that cause, be decreed to be void as to subsequent creditors or purchasers.

56. Defendant Vita Tech was indebted to Plaintiff well before August 1, 2023.

57. Further, Defendant Vita Tech's indebtedness to Plaintiff began on or about June 2, 2022.

58. Defendants had in their possession or exercised control over monies that were intended for the creditor, in this instant Plaintiff.

59. Defendants conveyed these monies but could not have received reasonable consideration.

60. In fact, on August 18, 2023, Defendant Vita Tech represented they did not have any funds.

61. On information and belief, Defendants conveyed these funds either to co-Defendant Jaganathan or to another person as directed by Defendant Jaganathan.

62. VA Code § 55.1-402.  Creditor's action to avoid such gifts, conveyances, assignments, transfers, or charges states:

      Before obtaining a judgment for his claim, a creditor may, whether such claim is due and payable or not, institute any action that he may institute after obtaining such judgment to avoid a gift, conveyance, assignment, or transfer of, or charge upon, the estate of his debtor declared void by either § 55.1-400 or 55.1-401. Such creditor may, in such action, have all the relief with respect to such estate to which he would be entitled after obtaining a judgment for the claim for which he may be entitled to recover.

63. Pursuant to VA Code § 55.1-402, the transfer of the subject monies by the Defendants are void; Plaintiff is also entitled to recover from either Defendant.

64. Pursuant to VA Code § 55.1-403, Plaintiff is entitled to reasonable attorney fees against the debtor.

WHEREFORE, Plaintiff seek judgment against both Defendants as to Count III, in the full amount of damages identified above including but not limited to pre-judgement interest, post-judgement interest, attorney fees, costs and all such further relief as this court deems just and proper.

                Respectfully submitted.
                PLAINTIFF URSI TECHNOLOGIES INC.
                By Counsel

/s/
_____

Robert S. Webb, Esq.
Va. Bar No.: 91698
Webb Legal, PLLC.
10304 Eaton Place, Suite 100
Fairfax, Va. 22030
Phone: (703) 382-2287
rswebb@webbleglapllc.com

Date: July 28, 2025